# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0071, <u>Louise Bourdelais v. Kim Boisselle</u>, the court on June 23, 2017, issued the following order:**

Having considered the plaintiff's brief, the defendant's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Louise Bourdelais, appeals an order of the Circuit Court (<u>Coughlin</u>, J.), following a hearing, dismissing her small claim complaint against the defendant, Kim Boisselle. We construe her brief to argue that the trial court erred by applying the doctrine of absolute immunity to her claim.

"[C]ertain communications are absolutely privileged and therefore immune from civil suit," including statements made within the course of a judicial proceeding that are pertinent or relevant to the proceeding. <u>Provencher v. Buzzell-Plourde Assoc.</u>, 142 N.H. 848, 853 (1998) (quotation omitted). A statement made within the course of a judicial proceeding is presumed relevant to the proceeding unless the party allegedly harmed by it demonstrates that it was "so palpably irrelevant to the subject matter" of the proceeding that a reasonable person could not doubt its irrelevancy or impropriety. <u>Id</u>. (quotation omitted). This immunity extends to pretrial communications between a litigant and a witness that are pertinent to the proceeding, including pre-litigation communications if litigation was contemplated in good faith and under serious consideration at the time. <u>See id</u>. at 854-55.

When a motion to dismiss raises the doctrine of absolute witness immunity, the trial court must look beyond the unsubstantiated factual allegations in the complaint and determine, based upon the facts, whether the plaintiff has sufficiently demonstrated her right to claim relief. <u>Id</u>. at 853. It is the burden of the appealing party, here the plaintiff, to establish that the trial court erred, and to provide so much of the record as is sufficient to demonstrate reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014); <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). In the absence of a transcript, we assume that the evidence was sufficient to support the result reached by the trial court. <u>Bean</u>, 151 N.H. at 250.

The record in this case establishes that the defendant, a therapist who provided professional services to the plaintiff's child, wrote a letter, addressed to the child's legal guardians, for the purpose of submission to the court within the context of a contested custody proceeding involving the plaintiff. According

to the plaintiff, the letter allegedly contained falsehoods, and allegedly influenced the trial court's view of her and its decision to deny her request for joint custody of the child.  The plaintiff sought damages from the defendant in the amount of $10,000.  The defendant moved to dismiss, arguing that she was entitled, as a matter of law, to absolute immunity for the statements made within the letter, and that the complaint otherwise failed to state a claim upon which relief may be granted.  Following a hearing, at which the trial court heard arguments and offers of proof, the trial court granted the motion.  The plaintiff has not provided a transcript of the hearing on the motion to dismiss.

We conclude that the plaintiff has not carried her burden of establishing reversible error.  Gallo, 166 N.H. at 740.  Because the plaintiff has not provided a transcript of the hearing on the motion to dismiss, we assume that whatever offers of proof were made at the hearing support the trial court's decision.  See id.  Moreover, nothing in the subject letter itself is so palpably irrelevant to a custody proceeding involving a child under a guardianship as to overcome the presumption of relevance.  See Provencher, 142 N.H. at 853.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,
Clerk**

2